UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EUGENE F. ALLEN, JR., §<br>    *Plaintiff*, §<br>  §<br>vs. §<br>  §<br>JO ANNE B. BARNHART, §<br>Commissioner, Social Security Administration §<br>    *Defendant*. § | CIVIL ACTION H-05-1962 |

### MEMORANDUM AND ORDER

Before the court is plaintiff Eugene F. Allen, Jr.'s application for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (Dkt. 21). Allen successfully obtained remand of the Commissioner's denial of his claim for Social Security benefits pursuant to the fourth sentence of 42 U.S.C. § 405(g). Allen now requests a total award of $9,018.45 for attorneys' fees, calculated at the rate of $147 per hour for 61.35 attorney hours. Allen breaks down this request to 55.95 hours for work on the merits, with an additional 5.4 hours for responding to the Commissioner's objections to the fee request. The Commissioner has objected to the number of hours submitted as excessive, arguing they should be limited to a total of 39.25, although she does not object to the awarding of fees itself. Allen has not requested reimbursement for costs.

### LEGAL STANDARDS

"The EAJA, 28 U.S.C. § 2412(d)(1)(A), requires an award of attorney's fees to a claimant against the Government if: (1) the claimant is a 'prevailing party'; (2) the Government's position was not 'substantially justified'; and (3) there are no special circumstances making the award unjust." *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003) (citation omitted). A plaintiff is a "prevailing party" under the EAJA if he succeeds on any significant issue in litigation which

achieves some of the benefit he sought in bringing the suit. *See id.* A party such as Allen, who obtains a remand pursuant to the fourth sentence of 42 U.S.C. § 405(g), qualifies as a prevailing party for purposes of attorney's fees under the EAJA.[1] *See Breaux v. U.S. Dep't of Health & Human Servs.*, 20 F.3d 1324, 1325 (5th Cir. 1994) (per curiam). The burden of proving "substantial justification" rests on the government. *See Davidson*, 317 F.3d at 506. The Commissioner has neither asserted that her position was substantially justified, nor claimed that there are any special circumstances that would render the award of attorney's fees unjust.

EAJA fees are generally determined by the time expended multiplied by the attorney's hourly rate, capped at $125 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *see also* 28 U.S.C. § 2412(d)(1)(B). In this case, Allen seeks $147 per hour. The Commissioner does not object to this hourly rate, and the court finds that it is justified by the cost of living increase since the last adjustment to the EAJA in 1996. *Cf. Hall v. Shalala*, 50 F.3d 367, 369-70 (5th Cir. 1995) (district court was correct in adjusting statutory cap upward to reflect inflation); *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988) (EAJA allows for adjustment for changes in the cost of living). Allen has included extensive documentation of increased costs of living since 1996, and how this has impacted attorney rates. With respect to the number of hours, Allen bears the burden of proving that the hours claimed were "reasonably expended on the litigation." *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 616 (N.D. Tex. 2000) (citations

---

[1] On August 10, 2006, judgment was entered in favor of Allen and reversing and remanding the Commissioner's decision denying Allen's claim for disability insurance benefits. *See* Dkt. 20.

omitted). To that end, an itemized statement of attorney time has been submitted, as required by 28 U.S.C. § 2412(d)(1)(B).[2]

The court has discretion in determining the amount of a fee award, including the reasonableness of the hours claimed by the prevailing party. *See Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983); *see also Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 160-61 (1990) (*Hensley* standard applies to EAJA fee requests). The court excludes hours not "reasonably expended," that is to say, those hours that are excessive, redundant, or unnecessary, and those hours that would not be properly billed to one's client in a private setting. *Hensley*, 461 U.S. at 434.

## ANALYSIS

**1.     Duplication of Work Performed at the Administrative and Appellate Stages**

The Commissioner's primary objection is that some of the hours William Fouché spent preparing the brief submitted to this court on appeal "are duplicative of work completed during the administrative process [by Paul Burkhalter]."[3] The Commissioner also objects to the time spent by Fouché on the reply brief, maintaining the reply was "repetitive and conclusory."[4] Duplicative hours are not "reasonably expended" and therefore must be reduced.

Allen's counsel is Carl Weisbrod, who by affidavit states that he has specialized in Social Security law for more than twenty-five years.[5] Weisbrod's law firm (primarily Burkhalter) handled this matter at the administrative level. On appeal to this court, most of the briefing was done by

---

[2]     *See* Dkt. 21, Ex. H.

[3]     Dkt. 22, p. 6.

[4]     Dkt. 22, p. 6.

[5]     *See* Dkt. 21, Ex. G.

3

Fouché. Weisbrod declares that there was no duplication of services, and that in fact Fouché was able to provide briefing in a more time-efficient manner than would have otherwise been the case.[6]

These contentions are largely a rehashing of similar arguments between the same counsel as in *Sanders v. Barnhart*, 2005 WL 2285403 (5th Cir. 2005) (unpublished). In *Sanders*, the Commissioner objected to the hours expended by the briefing attorney spent reviewing the record that, according to the Commissioner, was already familiar to the attorney who handled the administrative hearing and the appeal request to the Appeals Council. *Id.* at *1. The Fifth Circuit upheld the district court's decision to reduce the fee award for worked performed by the second attorney previously performed by the first attorney as not "clearly erroneous." *Id.* at *2. Allen's counsel relates that the district court in that proceeding awarded a total of 66.15 hours.[7]

The court has reviewed the billing statements submitted by Allen's counsel. Weisbrod tallies a total of 8.85 hours for work done on this appeal, with Fouché billing 47.1.[8] The item that might arguably be duplicative of prior work is 2.6 hours billed by Fouché, some portion of which included surveying the file.[9] However, even an attorney who handled the administrative hearings would likely review the case file on appeal. Thus, this is not necessarily a duplication of effort that otherwise would not have occurred. Moreover, counsel for Allen has declared that Fouché was actually able to provide briefing in a more time-efficient manner than had Weisbrod or another attorney in his firm handled the appeal. If so, even the small amount of time spent reviewing the file would be off-set

---

[6]   *See* Dkt. 21, Ex. G.

[7]   *See* Dkt. 25, p. 9.

[8]   *See* Dkt. 21, Ex. H.

[9]   *See* Dkt. 21, Ex. H.

4

by lower overall hours. Even more basic to the Commissioner's point though, is that an appeal by its very nature is going to cover factual and legal ground already addressed at either the trial or administrative level. But this does not necessarily make the worked performed by appellate counsel duplicative. This would be similar to arguing that counsel for the Commissioner is simply reiterating the findings and conclusions of the Administrative Law Judge when briefing the appeal to the district court. This is obviously not the case.

2.      **Reasonableness of the Claimed Hours**

The Commissioner also objects to the 55.95 hours claimed for work on the merits as "plainly excessive," suggesting a reduction to 39.25 hours.[10] A survey of a large number of EAJA fee applications does show that thirty to forty hours is an average number of hours reimbursed. *See, e.g., Rodriquez v. Bowen*, 865 F.2d 739, 747 n.4 (6th Cir. 1989) (en banc) (citing an "in-house" survey encompassing seven years of data that the average number of hours asserted in fee petitions was 37.3); *Nugent v. Massanari*, 2002 WL 356656, at *2 (N.D. Ca. 2002) (reviewing EAJA cases); *Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Ca. 2000) (surveying numerous cases suggesting a customary range between twenty and fifty hours); *Hardy v. Callahan*, 1997 WL 470355, at *9 n.10 (E.D. Tex. 1997) (awarding fees for forty hours rather than the requested 58.5 because the case did not involve any factually or legally complex issues, and explaining that forty hours is an appropriate average); *Hutchinson v. Chater*, 1996 WL 699695, at *3 (D. Kan. 1996) ("The typical EAJA fee application in social security cases claims between thirty and forty hours"); *DiGennaro v. Bowen*, 666 F. Supp. 426, 433 (E.D.N.Y. 1987) (compensated hours generally range from twenty to forty hours). These cases, however, reflect only a general approximation of reasonable hours for

---

[10]     *See* Dkt. 22.

typical cases; they are "an appropriate standard . . . based on relatively non-complex cases . . . ." *Hardy v. Callahan*, 1997 WL 470355, at *9 n.10 (E.D. Tex. 1997).

The court is persuaded that the issues involved with this case were not entirely routine, and that an upward adjustment to 55.95 hours is therefore appropriate. For instance, in analyzing the issue of past relevant work, Allen had to brief four different vocations, at least one of which as described by the Administrative Law Judge was not in the vocational guidelines. And Allen correctly recites that he offered five distinct arguments for reversing and remanding the Commissioner's decision. Although not all were successful, they were well-researched. The briefs reflected considerable medical research specific to Allen's conditions; contained legal research on a non-typical topic of how the failure to stop smoking might preclude a finding of disability; and addressed the unusual issue of an Administrative Law Judge making findings at step five even after concluding that Allen was not disabled at step four. The added complexity of this case distinguishes it from the typical thirty to forty hours of the cases noted above.

**3.    Supplemental Fees for the EAJA Application**

Allen has also submitted a request for an additional 5.4 hours for time spent responding to the Commissioner's objections to the EAJA fee application. Such augmentation to an EAJA award is appropriate. *See Powell v. Comm'r of Internal Revenue*, 891 F.2d 1167, 1170-71 (5th Cir. 1990); *Sandoval v. Apfel*, 86 F. Supp. 2d 601, 616 (N.D. Tex. 2000) ("Under the EAJA, fees incurred litigating a fee application are compensable"); *Hardy v. Callahan*, 1997 WL 470355, at *10 (E.D. Tex. 1997) ("the Supreme Court has held that an award of attorney fees under the EAJA encompasses not only the fees incurred in the litigation on the merits, but also fees incurred by the prevailing party in protecting the EAJA fee award in subsequent litigation by the Government over

the propriety or amount of the EAJA fee award . . . ."). Accordingly, Allen's request for $793.80 for preparing a response to the Commissioner's EAJA objection is granted.

## CONCLUSION

Allen's motion for an award of attorney fees pursuant to the EAJA is GRANTED. It is ORDERED that Allen be awarded the amount of $9,018.45 for attorneys' fees.

Signed on November 27, 2006, at Houston, Texas.

_____
Gray H. Miller
United States District Judge